**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WENDELL JOHNSON,<br>Plaintiff,<br>v.<br>CANADA, *et al*.,<br>Defendants. | Civil Action No. 26-08389 (ZNQ) (JBD)<br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1) in this prisoner civil rights matter. Having reviewed Plaintiff's application, the Court finds that leave to proceed without the prepayment of fees is authorized in this matter and Plaintiff's application shall therefore be granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's claims against Canada, claims raised pursuant to 42 U.S.C. § 1651, claims related to criminal liability, and 42 U.S.C § 1983 claims against the United States are dismissed with prejudice. All other claims are dismissed without prejudice for failure to state a claim for which relief may be granted.

## I. BACKGROUND

Plaintiff Wendell Johnson is a convicted state prisoner confined in Northern State Prison ("NSP"). (ECF No. 1 at 2–3.) His complaint focuses on two separate events related to smoke inhalation. First, Plaintiff alleges that on February 11, 2025, the roof of the building where he was housed at NSP caught fire, resulting in smoke and carbon monoxide filling the building. (*Id.* at 6.) He asserts that, at the same time, there was "excessive mold—black." (*Id.*) Plaintiff alleges that he filed grievances and requests for medical attention related to these conditions that were ignored. (*Id.*) Plaintiff does not specify the reason for seeking medical attention.

Second, Plaintiff alleges that on June 11, 2025, he was required to stay outside while smoke filled the yard he was in, purportedly from wildfires burning in Canada. (*Id.* at 5–6.) The smoke resulted in Plaintiff becoming sick, but he was denied medical attention. (*Id.* at 5.) Plaintiff filed a grievance related to this incident, but it was also ignored. (*Id.*)

Plaintiff seeks $500 billion in punitive and compensatory damages in connection with these events, asserting several state and federal claims, including claims pursuant to 42 U.S.C § 1983, against Canada, the United States, and Anthony Gangi ("Gangi")—who Plaintiff describes only as "Adm." (ECF No. 1 at 1, 3.) The Court understands this to mean "Admin."

Specifically, Plaintiff iterates his claims as follows: (1) illegal and harmful conditions; (2) mold exposure; (3) secondhand smoke exposure; (4) deliberate indifference; (5) failure to supervise; (6) failure to train employees; (7) state and federal constitutional rights violations; (8) religious belief violation; (9) attempted murder; and (10) cruel and unusual punishment. (*Id.* at 6.) He further references several statutes under New Jersey and federal law in connection with his unanswered requests for medical attention, including N.J. Stat. § 2C:2-6 ("Liability for conduct of another; complicity"), 28 U.S.C. § 1346 (U.S. District Courts' jurisdiction over suits against the

United States in certain instances, including for certain tort claims), 42 U.S.C. § 1651(f) (liability to prisoners of war and protected persons), and 28 U.S.C. § 2674 (liability of the United States for certain tort claims). (*Id.* at 4.)

## II. LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 557). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

The Court first dismisses with prejudice all claims against Canada. Subject to limited exceptions, none of which are relevant here, individuals cannot sue foreign sovereigns in United States courts. *See Republic of Hungary v. Simon*, 604 U.S. 115, 131 (2025). Even if they could, § 1983 only creates a right of action against a "'person within the jurisdiction' of the United States for the deprivation 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Breard v. Greene*, 523 U.S. 371, 378 (1998) (quoting 42 U.S.C. § 1983). A foreign nation is neither a "person" nor "within the jurisdiction" of the United States and thus is not subject to suit under § 1983. *Id.* (holding Paraguay is not subject to suit under § 1983). The claims against Canada are therefore dismissed due to sovereign immunity.

The Court next dismisses with prejudice all claims related to 42 U.S.C. § 1651(f). Section 1651 addresses workers' compensation for public employees working outside the United States. As Plaintiff is detained within the United States and his complaint does not relate to workers' compensation, he fails to allege that he is a person covered by § 1651, and thus the Court dismisses

Plaintiff's claim pursuant to § 1651 for failure to state a claim upon which relief can be granted.. *See Gittens v. Sterling Jewelers Inc.*, No. 15- 5872, 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016) (dismissing *pro se* plaintiff's complaint for "fail[ing] to allege facts from which a reader, even construing the complaint liberally, could glean the essential elements of the claim"). Because amendment would be futile, the Court will dismiss the § 1651 claim with prejudice.

The Court also dismisses with prejudice all claims related to attempted murder allegations. It is well established that plaintiffs cannot raise a criminal statute in a civil action. *See Jones v. Trenton N.J. Police Dep't*, No. 23-21173, 2024 WL 4124243, at *2 (D.N.J. Sept. 9, 2024); *see also Barzyk v. Barzyk*, No. 14-2018, 2014 WL 5810322, at *7 (M.D. Pa. Nov. 7, 2014) ("[A] civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties . . . ."). The Court instead construes Plaintiff's allegation of attempted murder as a tort claim under either state or federal law. The viability of those claims is discussed below.

The remaining claims against the United States and Defendant Gangi fall into three categories: (1) civil rights violations under § 1983, (2) claims pursuant to the Federal Tort Claims Act ("FTCA"), and (3) violations of state law and constitutional rights.

**A. SECTION 1983 CLAIMS AGAINST THE UNITED STATES**

The United States is not a proper defendant in a federal civil rights matter as it is both entitled to immunity from suit in federal court pursuant to sovereign immunity, *see United States v. Bein*, 214 F.3d 408,412 (3d Cir. 2000), and is also not considered a "person" as required by § 1983. *Bishop v. Dep't of Homeland Sec.*, No. 14-5244, 2015 WL 2125782, at * 4 (D.N.J. May 6, 2015) (citing *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir.1970)), *aff'd sub nom.*, *Bishop v. U.S. Dep't of Homeland Sec.*, 648 F. App'x 180 (3d Cir. 2016).

Plaintiff appears to attempt to circumvent this limitation of § 1983 by referencing N.J. Stat. § 2C:2-6, which defines when a person may be held criminally liable for another's conduct, such as through accomplice liability or conspiracy. (*See* ECF No. 1 at 4.) As the Court has already explained, alleged violations of criminal statutes do not give rise to liability under § 1983. *See Barzyk*, 2014 WL 5810322, at *7. Additionally, while theories of secondary civil liability may apply to private individuals in § 1983 actions, they cannot overcome the United States' sovereign immunity. *See Bein*, 214 F.3d at 412.

Accordingly, the Court dismisses with prejudice all § 1983 claims against the United States for lack of jurisdiction.

**B. SECTION 1983 CLAIMS AGAINST DEFENDANT GANGI**

Plaintiff has failed to allege facts that allow the Court to identify Defendant Gangi's position or his relationship with the events that give rise to Plaintiff's complaint. Even assuming that Defendant Gangi is an administrator of or member of the administrative staff at NSP, Plaintiff has not alleged any facts that indicate Gangi's personal involvement in the allegations. "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (cleaned up). Similarly, Plaintiff has not alleged any facts suggesting Gangi is liable as a supervisor. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. Apr. 8, 2015) (describing when an individual may be held liable as a supervisor under § 1983, noting that vicarious liability is impermissible under the statute). As such, Plaintiff's § 1983 claims against Gangi are dismissed without prejudice for failure to state a claim.

### C. FTCA CLAIM

The Court construes Plaintiff's references to 28 U.S.C. §§ 1346 and 2674 as a claim against the United States under the Federal Tort Claims Act ("FTCA"),[1] 28 U.S.C. §§ 2671–80, which waives the United States' sovereign immunity for plaintiffs who "bring claims based on the action of Government employees when private persons engaging in analogous behavior would be liable under state law." *CNA*, 535 F.3d at 138.

However, Plaintiff fails to allege sufficient facts to state an FTCA claim. Plaintiff is incarcerated at NSP, a facility operated by the New Jersey Department of Corrections. FTCA claims must be made in connection with a "negligent or wrongful act or omission of any employee of the [federal] Government . . . ." *Bethea v. Roizman*, No. 11-254, 2012 WL 2500592, at *26 (D.N.J. June 27, 2012) (citing *Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir. 1995)). Plaintiff has not alleged any acts or omissions specific to a federal agent or agency. Plaintiff's allegations are therefore insufficient to state a claim under the FTCA. Additionally, Plaintiff has not alleged that he has filed a claim with the relevant federal agency. The Court lacks jurisdiction over an FTCA claim until the claimant has exhausted administrative remedies. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ."). The Court therefore dismisses Plaintiff's FTCA claim without prejudice due to lack of jurisdiction.

---

[1] As the FTCA only authorizes suit against the federal government, the Court does not consider this claim to be made against Defendant Gangi. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008); *see also* 28 U.S.C. § 2674.

### D. STATE LAW CLAIMS

To the extent Plaintiff's complaint asserts violations of his rights under the New Jersey Constitution or claims arising under New Jersey tort law, the Court declines to exercise jurisdiction. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (quoting 28 U.S.C. § 1367(a)). Where a district court has original jurisdiction over federal claims and supplemental jurisdiction over state claims, the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Where courts dismiss federal claims at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Burnsworth v. PC Lab'y*, 364 F. App'x 772, 776 (3d Cir. 2010). Having already dismissed all federal claims, the Court thus dismisses Plaintiff's state law claims without prejudice for want of jurisdiction.

## IV. <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED**, Plaintiff's claims against Canada, claims raised pursuant to 42 U.S.C. § 1651, claims related to criminal liability, and § 1983 claims against the United States are **DISMISSED WITH PREJUDICE**; and Plaintiff's § 1983 claims against Defendant Gangi, FTCA claim against the United States, and remaining state law claims are **DISMISSED WITHOUT PREJUDICE.**

Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Date: October 7, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**